UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VITRUVIAN DESIGN LLC ET AL.,<br><br>Defendants. | CASE NO. 2:26-cv-00543-JHC<br><br>ORDER |

This matter comes before the Court on Defendant Vitruvian Design LLC's Motion to Certify a Question of State Law to the Washington Supreme Court and to Take Judicial Notice. Dkt. # 17. The Court has considered the record, the materials filed in support of and in opposition to the motion, and the recorded Deed of Trust submitted for judicial notice. For the reasons below, the Court GRANTS the motion.

Judicial Notice

The Court takes judicial notice under Federal Rule of Evidence 201 of the existence and contents of the Deed of Trust and incorporated MERS Rider—recorded in King County on December 6, 2021, under Instrument No. 20211206001747 and submitted to the Court on June

21, 2026, at Dkt. # 18. The Court notices the instrument and its terms, not the legal effect of those terms, which is the subject of the certified question below.

Certification

This matter presents an unsettled and outcome-determinative legal issue, with potentially far-reaching effects for real property disputes in Washington—whether joining the Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary's nominee in a Washington State judicial foreclosure action can extinguish the interests of the non-joined beneficiary in the property. This issue was not conclusively resolved by the Court's Order at Dkt. # 15. *See* Dkt. # 15 at 8–10. Nor have the parties identified any cases or other law that would definitively answer this question. *See generally* Dkt. ## 7, 9, 11, 17, 21, 23; *see also* Dkt. # 15 at 8 (noting that "neither party has provided a case that is directly on point"). The Court thus agrees with Defendant that certification is appropriate under RCW 2.60.020, and ORDERS as follows:

(1) The following question is respectfully CERTIFIED to the Washington Supreme Court:

> Under Washington law, where a recorded deed of trust designates Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for the lender-beneficiary, does the joinder of and service on MERS—without joinder of the lender-beneficiary that holds the promissory note—bind the lender-beneficiary in proceedings affecting the deed of trust interest?[1]

(2) The Clerk is DIRECTED to submit to the Washington Supreme Court electronic and certified copies of this order, a copy of the docket in the above-captioned matter, and all materials at docket numbers 1, 7, 8, 9, 10, 11, 15, 16, 17, 18, 21, 22, & 23. The Court certifies that these documents contain all matters in

[1] The Court notes that nothing in its framing of the question should be read to restrict the Washington Supreme Court from reformulating the question or considering any pertinent issues.

the pending case deemed material for consideration of the question of local law certified for answer. *See* RCW 2.60.010(4)(b).

(3) Defendant Vitruvian Design LLC is DESIGNATED as the party to file the first brief before the Washington Supreme Court on this certified question. *See* Wash. R. App. P. 16.16(e)(1). The Court refers the parties to Washington Rule of Appellate Procedure 16.16 for additional information concerning the procedures for review of a certified question.

(4) This action is hereby STAYED pending a decision from the Washington Supreme Court on the certified question.

(5) The parties are DIRECTED to file a joint status report with this Court, no later than 14 days after the Washington Supreme Court issues a disposition on the certified question.

Dated this 23rd day of July, 2026.

John H. Chun
United States District Judge